# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

APRIL GRIFFIN,

                Petitioner,

v.                                                Case No. 07-C-0446

SHERIFF DAVID CLARKE,

                Respondent.

## ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY PRELIMINARY INJUNCTION

On May 15, 2007, April Griffin filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a person in custody. In addition, she requests an emergency preliminary injunction. For the reasons stated below, the court will deny the pending motion.

The petitioner asks the court to enter an immediate preliminary injunction in the Circuit Court for Milwaukee County, Wisconsin, and to forbid the state court to transfer her child to any third party. Pet. at 2. In addition, she requests that this court "restore her infant son's name to the birth name she gave him." Pet. at 9.

In support of her motion, petitioner asserts that she will be irreparably harmed if the preliminary injunction does not issue, that the harm is concrete and immediate and that her child's father will take the child to Africa if he gains custody. Pet. at 2. Petitioner further contends that the preliminary injunction is necessary because the family court judge threatened to place the child into foster care. *Id.* Finally, petitioner asserts that the family court judge changed the child's name against her wishes because the judge believed the child's birth name was too long. *Id.*

To prevail on a motion for a preliminary injunction, petitioner shoulders the burden of establishing: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) she will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Illinois Department of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005); *see also Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002) and *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992). The balancing for this test involves a sliding scale analysis: the greater petitioner's chances of success on the merits, the less strong a showing petitioner must make that the balance of harm is in her favor. *Storck v. Farley Candy Co.,* 14 F.3d 311, 314 (7th Cir. 1994)*.*

In the case at bar, petitioner does not sustain her burden for issuance of a preliminary injunction.[1] Unfortunately for petitioner, she does not show that she is likely to succeed on the merits of her § 2241 petition. 28 U.S.C. § 2241(c)(3) states that "[t]he writ of habeas corpus shall not extend to a prisoner unless - [h]e is in custody in violation of the Constitution or laws or treaties of the United States." Before going any further, it is worth noting that petitioner was correct in that she did not file her petition pursuant to § 2254 as she does not assert that she is in custody pursuant to a final judgment of a state court. But, this is a two-edged sword, inasmuch as the plaintiff does not provide this court any evidence that she is in custody at all. Section 2241 does not define the phrase "in custody" as it is used in the statute. The Seventh Circuit Court of Appeals held that "[a]lthough the word 'custody' is elastic, all definitions of it incorporate some concept of ongoing control, restraint,

---

[1] Because petitioner does not satisfy even the first prong of the test, the court will not address the remaining three prongs.

or responsibility by the custodian. *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003). Petitioner has presented the court with no facts supporting of her contention that the family court judge, the Honorable Michael Goulee, improperly ordered that she be held in custody. Moreover, petitioner fails to provide the court with any evidence proving that she even has an on-going state proceeding.

Although the court is sensitive to petitioner's concerns regarding the welfare of her child, it is constrained by the standard for issuance of a preliminary injunction and the petitioner's failure to provide proof showing that she is likely to win this lawsuit which requires her to establish that she is being held in custody in violation of federal law or the Constitution. Therefore,

**IT IS ORDERED** that the motion for emergency preliminary injunction is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2007.

BY THE COURT:

s/Charles N. Clevert, Jr.
C. N. CLEVERT, JR.
United States District Judge