UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

APRIL GRIFFIN,

        Petitioner,

        v.                     Case No. 07-C-0446

SHERIFF DAVID CLARKE,

        Respondent.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO § 2241**

On May 15, 2007, petitioner, April Griffin, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a person in custody at the Milwaukee County Jail. Her petition asserts seven grounds for relief based primarily on violations of her Fourth, Fifth and Fourteenth Amendment rights.

Initially, the court may consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*See* Rule 1(b) of the Rules Governing § 2254 Cases. During this review, the court determines whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies.

In the instant case, because final judgment has not been entered against petitioner by the State, petitioner was correct in filing her petition under 28 U.S.C. §

2241(c)(3) which states that "[t]he writ of habeas corpus shall not extend to a prisoner unless - [h]e is in custody in violation of the Constitution or laws or treaties of the United States." However, the courts have placed limitations on the availability of § 2241 petitions to prejudgment petitioners. The United States Supreme Court has stated that habeas petitioners must exhaust state remedies when bringing petitions pursuant to § 2241. *See Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 484, 489-90 (1973). Furthermore, "It is well-settled that a petitioner will be held to have exhausted his state remedies prior to trial only in 'special circumstances.'" *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (citations omitted). Among "special circumstances" is a petitioner's demand for enforcement of a state's affirmative constitutional obligation, to provide to a defendant a speedy trial. *See Braden*, 410 U.S. at 490. However, the Supreme Court has indicated an unwillingness to define special circumstance as encompassing situations where a petitioner is making an "effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* at 491.

Moreover, comity requires a federal court to give a state court at least one chance to decide an issue before the federal court intrudes into the state proceeding. *See id.* at 490-91; *see also Parish*, 589 F.2d at 328-29 (holding that "[i]n the interest of comity, we will not assert jurisdiction when the petitioner has not exhausted his state remedies.")(citation omitted).

Inasmuch as petitioner's state case has not concluded and petitioner indicates that she has done nothing to exhaust the state remedies available to her,[1] the

---

[1] Although petitioner states that she has not exhausted her state remedies "because no adequate remedy exist [sic], as well as any attempt to exhaust a(n) [sic] remedy would be futile," she provides the court with no evidence (or even argument) supporting her claims of futility. (Pet. 3.)

2

pending § 2241 petition is not ripe for decision by this court. Therefore, in accordance with Rule 4, it plainly appears from the petition and the attached exhibits that petitioner is not entitled to relief in this court. Consequently,

IT IS ORDERED that April Griffin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by a person in custody is DISMISSED without prejudice.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE